IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PACKAGING CORPORATION OF AMERICA
THRIFT PLAN FOR HOURLY EMPLOYEES,

                Plaintiff,

   v.

DENA LANGDON,                                           ORDER

                Defendant.                           23-cv-663-jdp

   v.

CHRISTINA COPISKEY, as the personal representative
of the estate of Carl Kleinfeldt,

                Defendant.

---

This case involves a dispute over the balance of a 401k account belonging to Carl Kleinfeldt, who died in January 2023. Interpleader plaintiff Packaging Corporation of America Thrift Plan for Hourly Employees filed this action after both Kleinfeldt's estate and Kleinfeldt's ex-wife Dena Langdon requested the funds. The court dismissed Packaging Corporation from the case after it deposited the funds into the court's registry account. Dkt. 19. The court now must decide who is the proper beneficiary of the 401k balance. Both the Estate and Langdon have moved for summary judgment. But the court cannot rule on the summary judgment motions yet, because it appears that not all the necessary parties have been joined in this lawsuit.

The parties' summary judgment materials show that a third party has a potential interest in the 401k balance: the estate of Terry Scholz, Kleinfeldt's sister. Kleinfeldt listed Scholz as a contingent beneficiary of the 401k, along with his other sister Lisa Kottke. Kottke predeceased Kleinfeldt, so under the terms of the plan, her estate does not have an interest.

Dkt. 1-2, at 2 ("If the designated Beneficiary predeceases the Participant . . . payments under the Plan after the date of the Participant's death shall be paid to . . . the Participant's estate."). But Scholz died eight months after Kleinfeldt, on August 13, 2023. Dkt. 21-21. The plan provides that, if a beneficiary outlives the plan participant but dies before receiving a distribution from the plan, then the distribution goes to the beneficiary's estate, not the participant's. Dkt. 1-2, at 2.

The court concludes that Scholz's estate is a necessary party under Federal Rule of Civil Procedure 19(a)(1). Scholz's estate is a potential competing claimant, so complete relief cannot be afforded with joining it as a party. And Scholz's estate could not adequately protect its interest if the court decided this case without giving it a chance to be heard. The court will order joinder of Scholz's estate under Rule 19(a)(2).

This leaves the question of how Scholz's estate should receive notice. Packaging Corporation has been dismissed, so if the court were to order Packaging Corporation to serve Scholz's estate, the court would need to vacate the dismissal. But the parties' submissions suggest that this is not necessary as a practical matter. Before she died, Scholz was the personal representative of Kleinfeldt's estate. According to the Estate's interrogatory responses, Scholz was also Kleinfeldt's sole heir under the laws of intestacy. Dkt. 21-6. Now Scholz's daughter Christina Copiskey is the personal representative of Kleinfeldt's estate. Copiskey is also the personal representative of Scholz's estate according to state court records. Lincoln County Case Number 2024IN0037. So the relevant individuals are already aware of this lawsuit.

Scholz's estate will have until January 29, 2025, to appear and indicate whether it accepts service of the complaint and whether it intends to assert a claim in the 401k balance. If Scholz's estate does not appear by then, the court will order service. Because the date for

2

pre-trial submissions is approaching, the court will strike the existing deadlines and the trial date. The court will reset deadlines after it hears from Scholz's estate.

ORDER

IT IS ORDERED that:

1. The estate of Terry Scholz has until January 29, 2025, to appear in this lawsuit and indicate whether it accepts service of the complaint and whether it intends to assert a claim in the 401k balance. If Scholz's estate does not appear by then, the court will order service.

2. The schedule in this case is STRUCK. The court will reset deadlines after it hears from Scholz's estate.

Entered January 14, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge