IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PACKAGING CORPORATION OF AMERICA
THRIFT PLAN FOR HOURLY EMPLOYEES,

                    Plaintiff,

  v.

DENA LANGDON, CHRISTINA COPISKEY, as the
personal representative of the estate of Carl Kleinfeldt,
and THE ESTATE OF TERRY SCHOLZ,

                    Defendants.

OPINION and ORDER

23-cv-663-jdp

---

      This case involves a dispute over the proper beneficiary of a 401k account belonging to Carl Kleinfeldt, who died in January 2023. Interpleader plaintiff Packaging Corporation of America Thrift Plan for Hourly Employees filed this action after both Kleinfeldt's estate and Kleinfeldt's former spouse Dena Langdon requested the funds, so it could avoid liability for paying the wrong party. The court dismissed Packaging Corporation from the case after it deposited the funds into the court's registry account. Dkt. 19. After the parties filed their summary judgment materials, the court determined that the estate of Terry Scholz, Kleinfeldt's sister, also has a potential interest in the 401k, so the court ordered joinder of Scholz's estate under Federal Rule of Civil Procedure 19(a)(2). Dkt. 48.

      The question before the court is which defendant is the proper beneficiary of the 401k account. Both Langdon and Kleinfeldt's estate have moved for summary judgment. Dkt. 20 and Dkt. 22. Scholz's estate did not appear until after the motions for summary judgment were fully briefed, but the court gave it a chance to respond to the issues raised by the other two

parties or to raise any new issues. Dkt. 50. Scholz's estate did not respond, so the motions for summary judgment are now ready for decision.

The court will deny both Langdon's and Kleinfeldt's estate's motions for summary judgment and sua sponte award summary judgment to Scholz's estate because the undisputed facts show that it is the proper beneficiary of the 401k. At the time of Kleinfeldt's death, plan documents listed Langdon as the primary beneficiary of the 401k and Scholz as the contingent beneficiary. But before he died, Kleinfeldt sent a fax to Packaging Corporation asking it to remove Langdon as the primary beneficiary. Kleinfeldt did not comply with the plan requirements when he tried to change his beneficiary by fax, but the court concludes that the fax was a valid change of beneficiary under the federal common law rule of substantial compliance. Scholz was still alive when Kleinfeldt died, so as the contingent beneficiary, she was the proper recipient of the 401k after Langdon's removal.

## UNDISPUTED FACTS

The following facts are undisputed.

Carl Kleinfeldt worked at Packaging Corporation of America for 32 years and participated in a 401k retirement plan administered by plaintiff Packaging Corporation of America Thrift Plan for Hourly Employees. The plan allows participants to name beneficiaries to receive unpaid plan benefits if the participant dies. Dkt. 27-8, at 5. There are two ways to change a beneficiary: a participant can "contact the PCA Benefits Center at 1-877-453-0945" or "update [his] beneficiaries online at benefitscenter.packagingcorp.com." *Id.* If there is no named beneficiary or all named beneficiaries die before the participant, then the benefits are

paid out to the participant's estate. *Id.* If a beneficiary outlives the participant but dies before receiving a distribution from the plan, then the benefits are paid to the beneficiary's estate. *Id.*

Kleinfeldt named his spouse Dena Langdon as his primary beneficiary. Dkt. 21-17. He named his sisters Terry Scholz and Lisa Kottke as contingent beneficiaries. *Id.* Kottke died in 2012, but Scholz was still living when Kleinfeldt died.

Kleinfeldt and Langdon divorced in September 2022 after a 16-year marriage. As part of the divorce, Kleinfeldt and Langdon agreed to a Qualified Domestic Relations Order (QDRO) stating that Langdon would receive 21.3% of Kleinfeldt's 401k benefits. Dkt. 21-7, at 2. Pursuant to the QDRO, the plan divided the benefits and paid Langdon her percentage of the plan, which amounted to $65,953.25.

After the divorce, Kleinfeldt attempted to remove Langdon as the primary beneficiary of his 401k. On October 4, 2022, Kleinfeldt sent a fax to Packaging Corporation, attaching a copy of the divorce judgment and writing: "Please remove my former spouse, Dena Suzanne Kleinfeldt from the health, vision and dental insurance and as a beneficiary of my 401(k), pension and life insurance accounts. Please feel free to fax any necessary paperwork to the above fax that I may need to complete."[1] Dkt. 27–3. Packaging Corporation received the fax and removed Langdon from health, vision, and dental insurance. Dkt. 23 at 2. Packaging Corporation did not remove Langdon as a beneficiary of the 401k plan. *Id.*

Kleinfeldt died on January 16, 2023. *Id.* After Kleinfeldt's death, both Langdon and Kleinfeldt's estate, through his personal representative Scholz, asserted claims over the 401k

---

[1] Langon disputes that Kleinfeldt "sent" the fax, saying it was actually sent by Jordan Renn, an HR manager at Packaging Corporation. Dkt. 33, ¶¶ 8–9. But in her own proposed facts, Langdon says that Kleinfeldt directed Renn to send the fax, so it is undisputed that Kleinfeldt authored the fax. Dkt. 39, ¶ 27.

3

benefits. Packaging Corporation informed Kleinfeldt's estate that it intended to pay out the 401k benefits to Langdon because she was the designated primary beneficiary. Dkt. 21-10. Kleinfeldt's estate appealed the decision. Dkt. 21-12. Rather than decide the appeal, Packaging Corporation filed this interpleader suit to avoid liability for paying the wrong person.

Scholz died in August 2023. Her daughter Christina Copiskey now serves as the personal representative of both Kleinfeldt's estate and Scholz's estate.

ANALYSIS

The question before the court is which defendant is the proper beneficiary of Kleinfeldt's 401k plan. The 401k plan is an employee benefit plan governed by the Employee Retirement and Security Act of 1974 (ERISA), so this court has subject-matter jurisdiction under 29 U.S.C. § 1132(e)(1).

Both Langdon and Kleinfeldt's estate have moved for summary judgment. In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "With cross-motions, our review of the record requires that we construe all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)). Summary judgment will be granted only if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 970 (7th Cir. 2004) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

### A. Standard of review

Langdon contends that this court should apply a deferential arbitrary and capricious standard of judicial review because Kleinfeldt's plan granted discretionary authority to the plan administrator to determine benefits eligibility under the plan. Dkt. 21-13, at 3. In actions to recover benefits brought under 29 U.S.C. § 1132(a)(1)(B), the court applies an arbitrary and capricious standard to review a plan administrator's decision if the plan grants discretionary authority to determine benefits eligibility. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). But interpleader cases like this one are equitable actions under § 1132(a)(3)(B), not actions to recover benefits under § 1132(a)(1)(B). *See, e.g.*, *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030 (9th Cir. 2000).

The Seventh Circuit has not decided whether arbitrary and capricious review applies to interpleader cases brought under § 1132(a)(3)(B) and neither side in this case briefed that issue. But the court need not decide the issue because even if arbitrary and capricious review applies to interpleader cases, it would not apply here. As explained below, the dispositive question in this case is whether the fax Kleinfeldt sent was a valid change of beneficiary under the common law principle of substantial compliance, notwithstanding Kleinfeldt's failure to follow plan requirements for changing beneficiaries. The applicability of the substantial compliance rule is a question of law, not policy interpretation, so *de novo* review applies. *Williams v. Midwest Operating Eng'rs Welfare Fund*, 125 F.3d 1138, 1140 (7th Cir. 1997).

### B. Valid change of beneficiary

The key issue is whether Kleinfeldt's fax asking Packaging Corporation to remove Langdon as the primary beneficiary of his 401k account was a valid change of beneficiary, even

though Kleinfeldt failed to comply with the plan's established methods for changing a beneficiary.

Langdon relies on *Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*. 555 U.S. 285 (2009). In that case, the Court considered whether a pension plan participant's ex-spouse was entitled to pension benefits when she had disclaimed any interest in the pension in a divorce agreement, but the participant had never removed her as the beneficiary on plan documents. The Court held that the beneficiary designation on the plan documents superseded the divorce agreement because ERISA requires plan administrators to act "in accordance with the documents and instruments governing the plan." *Id.* at 300–01 (quoting 29 U.S.C. § 1104(a)(1)(D)). Langdon argues that she was listed as the primary beneficiary of the 401k at the time of Kleinfeldt's death, so under *Kennedy*, she is entitled to the funds.

Kleinfeldt's estate argues that *Kennedy* is distinguishable because Kleinfeldt attempted to remove Langdon as his primary beneficiary by sending a fax to Packaging Corporation. The estate acknowledges that Kleinfeldt didn't comply with the strict terms of the plan, which required him to change his beneficiary online or by phone. But the estate argues that the fax nevertheless evidenced Kleinfeldt's clear intent to change his beneficiary.

The Seventh Circuit has recognized the federal common law doctrine of substantial compliance in ERISA cases. *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558 (7th Cir. 2002) (citing *Phoenix Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 567–68 (4th Cir. 1994)). Under the substantial compliance rule, a change of beneficiary that fails to comply with plan requirements is valid if two elements are met: (1) the participant intended to make a change of beneficiary; and (2) the participant took positive action to effectuate the change. *Id.* at 567.

6

The court concludes that Kleinfeldt's fax satisfies both elements of substantial compliance. The intent element is established by the plain language of the fax, which asks Packaging Corporation to "remove my former spouse, Dena Suzanne Kleinfeldt from the health, vision and dental insurance and as a beneficiary of my 401(k), pension and life insurance accounts." Dkt. 27-3. Langdon admits that Kleinfeldt authored the fax, which on its face demonstrates Kleinfeldt's intent to remove Langdon as the primary beneficiary of his 401k.[2] Dkt. 29, ¶ 27.

The positive action element requires that the participant take steps to effectuate his beneficiary change that are "for all practical purposes similar" to the actions required by the plan. *Johnson*, 297 F.3d at 566. In evaluating whether an action is "for all practical purposes similar," courts should focus on substance rather than form, and in particular on whether the actions the participant took were sufficient for plan administrators to determine the participant's intent. *Compare Johnson*, 297 F.3d 558 (substantial compliance where participant checked the wrong box on a form) *and Davis v. Combes*, 294 F.3d 931 (7th Cir. 2002) (substantial compliance where participant failed to sign and date a form) *with Rendleman v. Metro. Life Ins. Co.*, 937 F.2d 1292 (7th Cir. 1991) (no substantial compliance where decedent told a friend he wanted to change his beneficiary and obtained the necessary form but didn't

---

[2] In her opposition brief to Kleinfeldt's estate's motion for summary judgment, Langdon argues that intent is disputed. To support that assertion, Langdon submitted an affidavit in which she says that Kleinfeldt and Langdon did not "hate each other," Kleinfeldt knew that his sister and sole heir Scholz was dying, and Kleinfeldt viewed his nieces and nephews, who would be his heirs following Scholz's death, as financially irresponsible. Dkt. 34. Kleinfeldt's estate moves to strike the affidavit on the basis that it contains inadmissible hearsay because it describes things Kleinfeldt and Scholz told Langdon. The court need not determine whether the affidavit is admissible, because even if a jury fully credited Langdon's statements in the affidavit, no reasonable jury could find that Kleinfeldt didn't intend to change his beneficiary in light of the plain language of the fax.

complete it). Kleinfeldt indisputably took action to effectuate his beneficiary change by sending the fax to Packaging Corporation. The fax plainly communicated Kleinfeldt's desire to change his beneficiary designation, so it meets the positive action requirement.

Langdon contends that the fax was not sufficient to change Kleinfeldt's beneficiary designation, for two reasons. First, she argues that Kleinfeldt's intent is unclear based on the second sentence of the fax, in which Kleinfeldt asks the plan to "feel free to fax any necessary paperwork to the above fax that I may need to complete." Dkt. 27-3, at 1. Langdon says that this sentence demonstrates that Kleinfeldt knew there were additional steps beyond the fax that he needed to take to complete his change of beneficiary. Langdon points out that Kleinfeldt had previously changed his beneficiary via the proper means, so he knew that the fax was not enough to complete his change of beneficiary.

But whether Kleinfeldt thought he might need to do more to complete his beneficiary change has no bearing on the issue of substantial compliance. The federal common law test for substantial compliance requires only that a plan participant take positive action; it does not require the participant to do everything within his power to complete the beneficiary change. *Davis*, 294 F.3d at 941 (noting a difference between federal common law and California law). Kleinfeldt took positive action by sending the fax, so it doesn't matter whether he believed he might have needed to do more to complete the beneficiary change.

Second, Langdon argues that the fax is insufficient because Kleinfeldt never signed the fax; all he did was type "CARL" at the end of the fax message. Langdon argues that accepting unsigned faxes would open the plan up to fraud because anyone could type a name onto a fax. Dkt. 42, at 3. But the purpose of the substantial compliance rule is to effectuate a plan participant's intent in the absence of technical requirements like signatures; in fact, the court

8

of appeals has previously applied the substantial compliance rule in a case where the plan participant failed to sign a change of beneficiary form. *Davis*, 294 F.3d 931. Kleinfeldt's authorship of the fax is undisputed, so his failure to sign the fax doesn't change the court's analysis.

In sum, Kleinfeldt substantially complied with plan requirements when he sent a fax asking the plan to remove Langdon as the primary beneficiary of his 401k. Langdon is not entitled to the 401k benefits, so the court will deny her motion for summary judgment.

## C. Contingent beneficiary

The remaining question is whether Kleinfeldt's estate or Scholz's estate is the proper beneficiary of the 401k. Here, the language of the plan is clear. The plan states that if all beneficiaries die before the plan participant, then the benefits go to the participant's estate. Dkt. 27-8, at 5. But if a beneficiary outlives the plan participant but dies before receiving the benefits, the benefits go to the beneficiary's estate. *Id.*

Kleinfeldt listed his sisters Lisa Kottke and Terry Scholz as contingent beneficiaries of the 401k. Kottke predeceased Kleinfeldt, so her estate is not entitled to the benefits under the terms of the plan. But Scholz died eight months after Kleinfeldt, on August 13, 2023. Dkt. 21-21. Under the terms of the plan, the benefits go to her estate, not to Kleinfeldt's. The court will deny Kleinfeldt's estate's motion for summary judgment.

Although Scholz's estate did not move for summary judgment, the court will award summary judgment to her estate sua sponte. "While not encouraged, a district court can enter summary judgment sua sponte, or on its own motion, under certain limited circumstances." *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 461–62 (7th Cir. 2009). Generally, sua sponte summary judgment should be awarded only if the parties against whom summary

9

judgment is entered have had notice and an opportunity to present their evidence. *Id.* Here, both Langdon and Kleinfeldt's estate moved for summary judgment, so they had a chance to present their evidence and arguments in support of their own claims for the 401k. They also had a chance to respond to the issue whether Scholz's estate was entitled to the benefits. Langdon raised the issue of Scholz's estate's claim to the 401k in her own brief in support of summary judgment, arguing that even if Langdon was not entitled to the 401k, Scholz's estate would be the proper beneficiary. Dkt 20, at 15–16. In response, Kleinfeldt's estate argued that Langdon waived the issue of Scholz's estate's claim because Langdon admitted in her answer that all potential claimants had been named as parties. Dkt. 35, at 10. But waiver doesn't apply here because Langdon cannot waive a third party's claim to the 401k.

The undisputed facts establish that Scholz's estate is the proper beneficiary of the 401k balance. All the parties have had a chance to present their evidence and respond to the other parties' arguments, so the court will grant summary judgment sua sponte and award the balance of the 401k to Scholz's estate.

ORDER

IT IS ORDERED that:

1. Defendant Dena Langdon's motion for summary judgment, Dkt. 20, is DENIED.

2. Defendant Estate of Carl Kleinfeldt's motion for summary judgment, Dkt. 22, is DENIED.

3. Defendant Estate of Carl Kleinfeldt's motion to strike the affidavit of Dena Langdon, Dkt. 40, is DENIED as moot.

4. Summary judgment is awarded sua sponte to the Estate of Terry Scholz. The clerk of court is directed to distribute to the Estate of Terry Scholz the $320,299.50 previously deposited into the court's registry by plaintiff Packaging Corporation of America, plus any interest that has accrued.

5. When the funds have been distributed, the clerk of court is directed to enter judgment in favor of the Estate of Terry Scholz and close this case.

Entered April 30, 2025.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            JAMES D. PETERSON
                                            District Judge